UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0341-B-9 |
| | § | |
| MARIA CECILIA RANGEL-SANDOVAL, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Maria Cecilia Rangel-Sandoval's motion for compassionate release (Doc. 982). For the reasons set forth below, the Court **DENIES** Rangel-Sandoval's motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Rangel-Sandoval pleaded guilty to conspiracy to distribute a controlled substance, the Court sentenced her to 150 months of imprisonment and two years of supervised release. Doc. 766, J., 1–3. Rangel-Sandoval, who is now forty-one years old, is serving her sentence at Dublin Federal Correctional Institution (FCI). Her scheduled release date is April 22, 2028.[1] As of June 23, 2021, Dublin FCI reports one active and 227 recovered cases of COVID-19 among its inmates.[2]

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed June 23, 2021).

[2] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed June 23, 2021).

Rangel-Sandoval filed a motion for compassionate release (Doc. 982) on March 30, 2021. The Government filed a response (Doc. 1001) on June 13, 2021. The Court reviews Rangel-Sandoval's motion and the Government's response below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(I)).

## III.

## ANALYSIS

As explained below, the Court denies Rangel-Sandoval's request for compassionate release because Rangel-Sandoval has not provided proof of exhaustion or demonstrated extraordinary and compelling reasons, and because the § 3553(a) factors weigh against her release.

A.  *Rangel-Sandoval Has Not Demonstrated Proof of Exhaustion.*

The Court denies Rangel-Sandoval's request for compassionate release because she has not proven that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).³

In her motion, Rangel-Sandoval provides a copy of a request for compassionate release that she made to the warden and states that she "received no response." Doc. 982, Def.'s Mot., 2, 10. However, Rangel-Sandoval does not provide any evidence showing that the warden actually received her request. *See generally id.* In the absence of such evidence, Rangel-Sandoval has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *See* § 3582(c)(1)(A) (allowing the defendant to bring a motion on his own behalf after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility") (emphasis added); *United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding exhaustion requirement not met where defendant provided copy of letter purportedly sent to warden but did not provide proof warden received letter). Thus, the Court **DENIES** her motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.

B.  *Irrespective of Exhaustion, Rangel-Sandoval Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Rangel-Sandoval exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling

---

³ The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit has held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). Considering Rangel-Sandoval's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that Rangel-Sandoval has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Rangel-Sandoval raises concerns about the conditions at Dublin FCI and the BOP's ability to manage the COVID-19 pandemic, those concerns do not give rise to extraordinary and compelling reasons for her release. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But Dublin FCI's statistics—227 recovered cases and one active case of COVID-19—suggest the decline of an outbreak, if anything. Further, generalized concerns about the spread of COVID-19 at Rangel-Sandoval's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding Rangel-Sandoval's individual circumstances, Rangel-Sandoval argues that her "underlying c[h]ronic medical conditions" make her a "vulnerable individual" in light of the ongoing COVID-19 pandemic. Doc. 982, Def.'s Mot., 5. These assertions, however, do not constitute extraordinary and compelling reasons for Rangel-Sandoval's release.

Rangel-Sandoval claims to suffer from "Stage 3 Cervical Cancer," "Hypertension," "Calculus of Kidney," "Liver Disease," "Gastro-esophageal reflux disease," "Myopia," "Carpal tunnel syndrome,"

"Vit[amin] D deficiency," "Hyperlipidemia," "Major Depressive Disorder," and "PTSD[.]" *Id.* at 12. While she provides medical records to substantiate many of these conditions, *see id.* at 13–36; Doc. 982-1, Def.'s App., 1–14, the Court cannot decipher from Rangel-Sandoval's medical records whether she indeed suffers from "Stage 3 Cervical Cancer[.]" *See id.* at 12, 20. Even assuming she does, however, Rangel-Sandoval's medical conditions do not constitute extraordinary and compelling reasons for her release.

First, as the Government points out, Rangel-Sandoval "has not suggested that [s]he suffers from a medical condition that has been identified by the CDC as elevating her risk of becoming seriously ill from COVID-19." Doc. 1001, Gov't's Resp., 10. Moreover, the Government provides evidence that Rangel-Sandoval "is fully vaccinated for COVID[-]19 after receiving two doses of the Moderna vaccine on March 31, 2021 and April 27, 2021." *Id.* at 11; *see* Doc. 1001-3, Gov't's Attachment C, 37. Thus, even if her conditions would ordinarily increase her risk of severe illness due to COVID-19, the vaccine—which "is 95% effective at preventing COVID-19"—dissipates that risk. Doc. 1001, Gov't's Resp., 12. Thus, Rangel-Sandoval is not particularly vulnerable to a severe illness due to COVID-19 such that compassionate release is warranted.

Second, while the Court does not discount the severity of Rangel-Sandoval's medical conditions or the discomfort that they may cause her, Rangel-Sandoval has not demonstrated that they warrant compassionate release. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from

a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process[.]" § 1B1.13(1)(A) cmt. n.1(A). While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency warranting the defendant's immediate release.

And Rangel-Sandoval has not shown that her conditions involve necessity and urgency such that her release is warranted. On the contrary, Rangel-Sandoval's medical records indicate that she has access to regular care. Indeed, she frequently receives treatment and medication for her conditions. *See* Doc. 982, Def.'s Mot., 13–36; Doc. 982-1, Def.'s App., 1–14. And as the Government points out, Rangel-Sandoval underwent a surgical procedure in 2020 relating to her cervical issues, and a request for another procedure has been made by the BOP medical staff. Doc. 1001, Gov't's Resp., 11–12; *see* Doc. 1001-2, Attachment B, 198–99; Doc. 1001-3, Attachment C, 11. There is no indication that Rangel-Sandoval will receive better care for her conditions if released from Dublin FCI or that her conditions involve degrees of necessity and urgency such that her immediate release is warranted. Thus, while Rangel-Sandoval's medical conditions may be severe, they do not constitute extraordinary and compelling reasons for compassionate release.

Overall, there is nothing before the Court indicating that Rangel-Sandoval's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Rangel-Sandoval's motion **WITHOUT PREJUDICE.**

C.      *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Rangel-Sandoval proved exhaustion and demonstrated extraordinary and

compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553, to the extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). And the Court is not persuaded that these factors support Rangel-Sandoval's request.

After Rangel-Sandoval pleaded guilty to conspiracy to distribute a controlled substance, the Court found 150 months of imprisonment appropriate to serve the goals of § 3553. *See* Doc. 766, J., 1–3. And with a statutory release date of March 14, 2023, approximately eighty-two months—or roughly fifty-four percent—of Rangel-Sandoval's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Rangel-Sandoval's release. This is an independent justification to deny her motion.

## IV.

## CONCLUSION

Rangel-Sandoval's request for compassionate release under § 3582(c)(1)(A) fails because she has failed to prove exhaustion, she has not demonstrated extraordinary and compelling reasons for compassionate release, and the §3553(a) factors weigh against her release. For these reasons, the Court **DENIES** Rangel-Sandoval's motion (Doc. 982) **WITHOUT PREJUDICE**.

By denying Rangel-Sandoval's motion without prejudice, the Court permits Rangel-Sandoval

to file a subsequent motion for compassionate release in the event she can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. Moreover, Rangel-Sandoval must convince the Court that a weighing of the § 3553(a) factors supports her release.

**SO ORDERED.**

**SIGNED: June 23, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE